O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
In re Kwang-wei Han           )   Case No.SA CV 07-00189
                              )
Kwang-wei Han,                )   ORDER AFFIRMING THE BANKRUPTCY
            Appellant.        )   COURT DECISIONS
                              )
     v.                       )
                              )
James J. Joseph,              )
            Respondent.       )
_____ )
```

**I.   BACKGROUND**

Appellant Kwang-wei Han, an individual, filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on April 14, 1997. Appellee James J. Joseph (the "Trustee") was appointed as the Chapter 7 trustee of Han's bankruptcy estate. At the commencement of the bankruptcy proceedings, Han was the trustor, trustee, and beneficiary of the Kwang-wei Han Revocable Trust (the "Han Trust"). The Han Trust was the sole owner of all shares of stock in McGaw Property Management, Inc. ("MPM"), a California corporation. Han was the sole director and officer of

cc: US Bankruptcy Court
cc:  US Trustee's Office

MPM. In 1990, before Han's Chapter 7 bankruptcy filing, MPM filed for bankruptcy under Chapter 11. In 1992, the bankruptcy court entered an order confirming a plan of reorganization, and leaving Han as a debtor-in-possession.[1] MPM's bankruptcy estate is separate from Han's Chapter 7 bankruptcy estate and the orders at issue on this appeal. Before MPM was dissolved, its primary asset was title to commercial property located in Irvine, California (the "McGaw Property").

On October 20, 1997, the Trustee filed a motion requesting authorization to (1) revoke the Han Trust and (2) use the property of Han's bankruptcy estate outside the ordinary course of business. (See Ex. 29 at 1669.) After receiving briefing and holding a hearing, the bankruptcy court entered an order on March 25, 1998, granting the Trustee's motion to revoke the Han Trust and use the property of Han's bankruptcy estate ("1998 Trust Revocation & Use of Assets Order"), including its 100% shareholder interest in MPM. (See Ex. 29 at 1666.) Han appealed this order to the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP"), but the appeal was ultimately dismissed for lack of prosecution on August 12, 1998. (See Ex. 29 at 1760.) Nevertheless, Han has repeatedly contested the validity of the 1998 Trust Revocation & Use of Assets Order, including on the instant consolidated appeal.

Presently, Han appeals three distinct bankruptcy court orders from the Chapter 7 , one from 2007 and two from 2008. At Han and Appellee's request, these appeals were consolidated.

    A.   <u>Appeal of January 29, 2007 Order:  CV 07-00189 DDP</u>

---

[1] In 1999, MPM's Chapter 11 bankruptcy case was ordered dismissed.

On October 4, 2006, the Trustee filed a motion seeking authorization to use the bankruptcy estate's 100% shareholder interest in MPM to sell the McGaw Property and to dissolve MPM. (See Ex. 1.)  On November 17, 2006, the court entered an order granting the Trustee's motion.  (See Exs. 7, 57.)  Han then filed a motion for relief from this order.  (Ex. 8.)  The bankruptcy court denied Han's motion on January 29, 2007.  (Ex. 14.)

The January 29, 2007 order denying relief is the basis of Appellants' first appeal.

B.   Appeal of First January 8, 2008 Order:  CV 08-00075 DDP

On May 30, 2007, the Trustee filed an interim application for his fees ("Interim Fee Application").  (See Ex. 20, 21.)  After several rounds of supplemental briefing, the bankruptcy court issued an order granting the Trustee's Interim Fee Application on October 4, 2007.  (Ex. 40.)  Han then filed a motion to amend this order (Ex. 45), as well as an amended application to amend the October 4, 2007 Order (Ex. 52).

On January 8, 2008, the bankruptcy court entered an order (1) denying Han's motion to amend the October 4, 2007 order and (2) sustaining the Trustee's evidentiary objections to evidence supplied by Han on the motion.  (Exs. 55, 61.)

The (first) January 8, 2008 order is the subject of Han's second appeal.

C.   Appeal of Second January 8, 2008 Order: CV 08-00282 DDP

On September 27, 2007, the Trustee filed (1) an application for compensation by the Trustee's counsel, (2) a second application for the Trustee's accountants' fees, and (3) a motion authorizing a final distribution to the creditors of Han's bankruptcy estate.

3

(See Exs. 34, 36, 38.)  After a hearing, the bankruptcy court entered two orders (1) granting the creditor distribution, and (2) granting the applications for attorneys' fees and compensation to the Trustee's accountants (Exs. 48, 49).  On November 13, 2007, Han filed a Motion to Amend the October 31, 2007 Orders.  (See Ex. 51.)  On January 8, 2008, the bankruptcy court entered an order denying Han's motion to amend.  (Ex. 56.)

The (second) January 8, 2008 order is the subject of Han's third appeal.

**II.  LEGAL STANDARD**

Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to review appeals from final orders and judgments of bankruptcy courts.  In general, the bankruptcy court's conclusions of law are reviewed de novo, while its findings of fact are reviewed for clear error.  Salazar v. McDonald (In re Salazar), 430 F.3d 992, 994 (9th Cir. 2005); Fed. R. Bankr. P. 8013.  In addition, a bankruptcy court's denial of a motion for reconsideration is reviewed under an abuse of discretion standard.  Weiner v. Perry, Settles & Lawson (In re Weiner), 161 F.3d 1216, 1218 (9th Cir. 1998).

**III. DISCUSSION**

　　A.  1998 Trust Revocation & Use of Assets Order

Almost all of Appellant's arguments address the 1998 Trust Revocation & Use of Assets Order.  However, the bankruptcy court's March 25, 1998 order is not reviewable on this appeal.  The order was issued over 10 years ago, and an appeal must be taken within 10 days of the final order of the bankruptcy court.  Fed. R. Bank. P. 8002(a).  This time limit is jurisdictional on appeal.  In re

4

1 Slimick, 928 F.2d 304, 307 (9th Cir. 1990).  Furthermore, Han has
2 already appealed this order to the BAP, where the appeal was
3 dismissed for failure to prosecute.
4     Therefore, Han's attempt to appeal this order through the
5 present consolidated appeals is untimely, and this Court does not
6 have jurisdiction to hear it.
7     B.   2007 Order Denying Relief from Dissolution & Sale
8     On November 17, 2006, the bankruptcy court issued an order
9 that authorized the Trustee to use Han's Chapter 7 bankruptcy
10 estate's shareholder interest in MPM to sell the McGaw Property and
11 to dissolve MPM.  (Exs. 14, 57.)  On January 29, 2007, the
12 bankruptcy court issued an order deny Han's motion for relief from
13 the November 17, 2006 order, which Han appealed.
14     Han's motion for reconsideration was made pursuant to
15 Bankruptcy Rule 9024, which applies Federal Rule of Civil Procedure
16 60 in bankruptcy cases.  See Fed. R. Bankr. P. 9024; Zurich Am.
17 Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503
18 F.3d 933, 940 (9th Cir. 2007).  Han argued that the November 17,
19 2006 order was invalid due to fraud under Rule 60(b)(3) and under
20 (b)(6) for "other reasons justifying relief."  (See Ex. 8 at 327.)
21 In the hearing where the bankruptcy court explained the reasoning
22 behind its order, the court first noted its difficulty in
23 understanding Han's arguments, including the arguments Han made at
24 the hearing.  It then determined that Han had presented two
25 arguments for reconsideration:  (1) that the bankruptcy court
26 lacked jurisdiction, and (2) that the bankruptcy estate had
27 mismanaged a $2,000,000 loan taken out on the McGaw Property.  (Ex.
28 58 at 2833.)  The bankruptcy court found neither argument caused it

to reconsider its order. On the first issue, the court determined that there had been no withdrawal of reference to the case by the district court, and therefore that the bankruptcy court's jurisdiction was undisturbed. (Id.) The court next found that the $2,000,000 loan was not at issue in the underlying November 17, 2006 order authorizing sale of the McGaw Property and dissolution of MPM, and therefore was not proper grounds for reconsideration. (Id.)

On appeal, Han does not address either of these findings, and instead argues that the denial of relief was incorrect because the March 25, 1998 order revoking the Han Trust and permitting use of its assets (and, specifically, sole ownership of all MPM shares) was invalid. Consequently, according to Han, the Trustee did not have "standing" to sell the McGaw Property or dissolve MPM.

This argument fails for two reasons. First, Han is attempting to appeal the March 25, 1998 order, which this Court does not have jurisdiction to hear. Second, the record supports the bankruptcy court's decision to deny Han's motion for reconsideration. Han provided no evidence of jurisdictional defect, fraud by any party, or any other argument or evidence upon which the bankruptcy court could reverse its decision of November 17, 2006. Han provided no evidence that the bankruptcy court's jurisdiction had been removed, such as by a withdrawal of reference, and does not dispute that MPM's management of its loans were never raised by the parties in the Trustee's original motion to sell the McGaw Property and dissolve MPM.

Therefore, the bankruptcy court's denial of Han's motion on January 29, 2007 did not constitute an abuse of discretion.

6

      C.    <u>2008 Orders Denying Han's Motions for Amendment and Reconsideration</u>

The bankruptcy court jointly considered Han's motions for amendment and reconsideration in a hearing on December 18, 2007. The subject of these motions was reconsideration or amendment of the court's orders granting the Trustee's fee applications and final creditor disbursement. (<u>See</u> Exs. 45, 51, 52.) All of Han's motions to amend and reconsider were made pursuant to Bankruptcy Rule 9023, which incorporates Federal Rule of Civil Procedure 59. Fed. R. Bankr. P. 9023; <u>In re Int'l Fibercom, Inc.</u>, 503 F.3d at 946. On his motions, Han argued that (1) the Trustee of his Chapter 7 estate had violated the "single estate rule" and (2) the Trustee lacked standing to receive fees, again based on the invalidity of the 1998 Trust Revocation & Use of Assets Order. In responding to these arguments, the bankruptcy court noted that reconsideration is only appropriate if the court is (1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. <u>See</u> <u>Sch. Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). The bankruptcy court first found that there was no newly discovered evidence, despite a declaration submitted by Han of an attorney who stated a legal opinion supporting Han, as this constituted argument rather than new evidence. The court next determined that the single estate rule did not apply, because there were two separate bankruptcy debtors - Han (under Chapter 7) and MPM (under Chapter 11). Finally, the bankruptcy court responded to Han's argument

that the Trustee lacked standing, due to the invalidity of the 1998 Trust Revocation & Use of Assets Order. Han had argued that the Han Trust's shareholder interest in MPM was actually part of MPM's bankruptcy estate, and was protected from any use by the Chapter 11 automatic stay injunction. See 11 U.S.C. § 541(a)(1) (the debtor's bankruptcy estate "is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case."). The bankruptcy court stated that this issue had been previously adjudicated, was a final order, and could not be revisited.[2] (See Ex. 62 at 2986-991.)

Han's arguments on appeal of this order are the same as those described above - that the March 25, 1998 order revoking the Han Trust and permitting use its assets was invalid and that, consequently, the Trustee did not have "standing." Again, this argument fails for two reasons. First, Han is attempting to appeal the March 25, 1998 order, which this Court does not have jurisdiction to hear. Second, the record supports the bankruptcy court's decision to deny Han's motion for amendment or reconsideration. Han's main argument, that there were simultaneous estates with one debtor, does not apply because the two estates at issue were distinct - Han's and MPM's. See, e.g., In re Grimes, 117 B.R. 531, 534 (B.A.P. 9th Cir. 1990)(discussing the applicability of the single estate rule). Han pointed to no other

---

[2] The bankruptcy court also found that, upon examination of the MPM reorganization plan, Han's argument was incorrect. Ownership of the MPM shares were not a part of MPM's Chapter 11 bankruptcy, because MPM did not own its own shares; and instead the Han Trust owned them. Therefore, these assets were not protected by the automatic stay or included in MPM's Chapter 11 bankruptcy estate.

8

1  new evidence or errors of law in support of his motions to amend or
2  for reconsideration, other than general and unsupported allegations
3  of fraud and mismanagement of MPM by the Trustee.
4       Therefore, the bankruptcy court's denial of Han's motions on
5  October 15 and December 4, 2007 did not constitute an abuse of
6  discretion.
7  **IV.  CONCLUSION**
8       For the foregoing reasons, the orders of the bankruptcy court
9  are AFFIRMED.
10
11 IT IS SO ORDERED.
12
13
14 Dated: September 29, 2009
15                                   DEAN D. PREGERSON
16                                   United States District Judge

9